UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JASON C. MONK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-CV-73-RLJ-MCLC |
| | ) | |
| F/N/U ANDERSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM and ORDER**

This pro se prisoner's civil rights action, 42 U.S.C. § 1983, is before the Court on Plaintiff's failure to meet the deadline for responding to the Court's order of May 17, 2017 [Doc. 3]. The order directed Plaintiff to complete service packets for Defendants and to return them to the Clerk's Office within twenty days [*Id.*]. The order also warned Plaintiff that his failure to comply with the order or notify the Court within fourteen days of an address change would jeopardize his prosecution of the action and result in the dismissal of his case for want of prosecution [*Id.*].

The order was sent to Plaintiff at the address he listed in his complaint [Doc. 3]; it was returned to the Court by the U.S. Postal authorities, marked, "Return to Sender, Released, and Unable to Forward" [Doc. 6]. The order was remailed to Plaintiff's new address each time he notified the Court of an address change. Significantly, the order sent to the address listed as Plaintiff's current address in his last notice of a change of address on June 5, 2017 [Doc. 7, remarks] has not been returned to the Court. The order was properly mailed and the Court presumes it was received. *See Sanchez v. Holder*, 627 F.3d 226, 232 (6th Cir. 2010) (observing that a presumption of receipt arises with proper mailing). More than nine months have passed

since that order was remailed, and Plaintiff has not returned the completed service packets to the Clerk's Office or otherwise responded to the order.

Accordingly, this action will be **DISMISSED** for Plaintiff's failure to prosecute and comply with the Court's orders. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing a court's authority to dismiss a case sua sponte for lack of prosecution); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991). In view of the reason for this dismissal, the Court **CERTIFIES** that any appeal from the judgment of dismissal would not be taken in good faith. *See* Fed. R. App. P. 24. Accordingly, should Plaintiff file a notice of appeal, he also must pay the full appellate filing fee of five-hundred, five dollars ($505.00) or submit a motion for leave to appeal *in forma pauperis* and any required supporting documentation.

Finally, the Clerk is **DIRECTED** to close the file.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge